**Imee Calaycay SOLOMON, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–73083.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 12, 2004.

---

courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

Solomon contends that a declaration in support of her application was filed with her asylum application but that it is not part of the administrative record. Solomon attaches the declaration to her opening brief and asks the Court to supplement the record with the declaration. Since the Government does not object to the Court's supplementing the record with the declaration, and since the inclusion of the declaration will not change the outcome of this Court's decision, the declaration is included as evidence that the Court will consider. *See Public Power Council v. Johnson,* 674 F.2d 791, 794 (9th Cir.1982).

Persecution on account of political opinion means persecution on account of the victim's political opinion, not the perpetrator's. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Substantial evidence supports the BIA's finding that there is no evidence in the record that respondent has been personally persecuted for any protected grounds. *See Andrasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999).

However, under *Borja v. INS,* 175 F.3d 732 (9th Cir.1999), substantial evidence does not support the BIA's conclusion that the record contains insufficient evidence that Solomon will not be persecuted in the future. Solomon testified and states in her declaration that her father was a member of the government and that the NPA attempted to kill him in 1981. Death threats

Lizbeth A. Galdamez, Law Offices of Michael P. Karr & Associates, Sacramento, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Christopher C. Fuller, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Imee Calaycay Solomon, native and citizen of the Philippines, petitions for review

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

have continued against the entire family since then. Solomon's father's position in the government provides the needed evidence that the NPA did not only target her family for money, but because of their pro-government views as well. *See id.* at 736–737. Solomon has established on the record a well-founded fear of persecution should she return to the Philippines. *See Montecino v. INS,* 915 F.2d 518 (9th Cir. 1990). Hence, Solomon is eligible for asylum.

However, Solomon does not satisfy the standard for withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Solomon also has not established that it is more likely than not that she will be tortured if she returns to the Philippines, so we cannot conclude that the IJ erred in denying relief under the Convention Against Torture. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**GRANTED.**